SEBRING, Justice.
This is an appeal from a final decree of the Circuit Court for Dade County validating a proposed $21,000,000 issue of “revenue bonds” by the Dade County Port Authority.
The sole ground upon which appellant, National Airlines, sought to intervene and contest the validation proceedings below was its assertion that there existed a danger that revenues would not be sufficient to pay the obligations by virtue of the fact that the Authority had violated an agreement with National with respect to equal allocation of space in the terminal building constituting a portion of the county airport improvements to be built with the funds; that National had instituted a court action to compel reallocation, of which proceeding it requested the court to take judicial notice; that if such action were successful, then, predicts National, other lessee-airlines forced to accept less favorable allocation will, since they are not otherwise bound by contract, refuse to lease any space, and the Authority will be thereby deprived of considerable revenue.
The court below denied National’s proffer of its contract with the Authority which was alleged to have been violated, and held that the issues were not properly raised in validation proceedings. We find no error in this ruling.
In its answer the appellant did not contest the right, power, and authority of Dade County to issue and sell the revenue bonds, and did not contend that the bond validating statutes had not been tracked, or that the proceeds of the bonds were to be used for other than a lawful county purpose. All that it sought to do was to inject collateral matters that have no place in a bond validation proceeding. Atlantic Coast Line R. Co. v. City of Lakeland, 130 Fla. 72, 177 So. 206; Town of Riviera Beach v. State, Fla., 53 So.2d 828; Chase v. City of Sanford, Fla., 54 So.2d 370, 374.
The decree appealed from should be affirmed. State v. Dade County, Fla., 70 So.2d 837.
It is so ordered.
ROBERTS, C. J., and MATHEWS and HOBSON, JJ., concur.