ANDREWS, Judge.
This is an interlocutory appeal by the defendant, Edgar W. Maxwell, as Tax Assessor of Palm Beach County, Florida, from an order granting Plaintiff-Good Samaritan Hospital’s motion to strike the affirmative defenses of the defendant. This appeal was originally filed in the Supreme Court and by order of said court was transferred to this court.
The complaint sets forth that Good Samaritan Hospital Association, Inc., is a corporation not for profit organized under the laws of Florida. It is licensed by the State Board of Health, is exempt from the payment of taxes to the United States upon income derived from its operation and has met all requirements entitling it to exemption from real and personal property taxes under the provisions of F.S.A. § 192.06(13).
*256 In 1965 the defendant, as tax assessor, assessed taxes on the real and personal property of Good Samaritan in the amount of $61,337.10, thereby declining to recognize Good Samaritan’s application for exemption from such taxes duly filed in accordance with F.S.A. § 192.062.
Defendant-Maxwell filed his answer and by affirmative defenses alleged that Good Samaritan was not entitled to its exemption in that it denied admission to negro patients and denied the use of its facilities to negro physicians and dentists solely on the basis of race.
The tax assessor of each county is an officer of the state and, as such, is obligated to carry out the provisions of the state law setting forth his duties and responsibilities. State ex rel. Peacock v. Latham, 1936, 125 Fla. 793, 805, 170 So. 475, 479. Numerous classes of property owned by certain classes of persons and corporations are exempt from ad valorem real and property taxes under the provisions of F.S.A. § 192.06. The persons and corporations set forth therein, upon complying with the provisions of F.S.A. § 192.062, are entitled to the exemption as granted by the legislature under the authority of Article IX, Section 1, of the Florida Constitution, F.S.A.
The tax assessor has no authority to impose additional conditions or restrictions upon those shown to be entitled to the exemption as set forth in the statute. The denial of the exemption to the plaintiff for any reason not authorized by the Florida Constitution and laws of the state is an exercise of power in excess of that granted such officer. State ex rel. Peacock v. Latham, supra.
The action of the tax assessor in denying the exemption to the hospital is not comparable to the position of the comptroller in Green v. City of Pensacola, Fla.App. 1959, 108 So.2d 897. There the comptroller was confronted with two statutes which were in direct conflict, and the court was properly called upon to determine which statute was controlling.
The affirmative defense of the tax assessor attempts to plead individual civil rights under the Constitution of the United States. Only persons actually deprived of their individual civil rights can seek redress of such rights. Bailey v. Patterson, 1962, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512; Brown v. Board of Trustees of LaGrange Independent School Dist., 5 C.A.1951, 187 F.2d 20; United States v. Biloxi Municipal School District, D.C.S.D. Miss.1963, 219 F.Supp. 691 (affirmed, 5 C.A.1964, 326 F.2d 237).
Affirmed.
WALDEN, C. J., and SMITH, D. C., Associate Judge, concur.