QUESTIONS: 1. Does an individual's deed have to be recorded by January 1 of the tax year for which he or she claims homestead exemption? 2. Does that instrument have to be recorded by January 1 if homestead exemption is claimed pursuant to another instrument? 3. Is it necessary to have an instrument recorded before changing the name on the tax roll?
SUMMARY: Denial of homestead exemption may not be based on a claimant's failure on January 1 of the tax year or thereafter to record the deed or other instrument on which he relies, when homestead requirements are otherwise proved. The name of the property owner may under current law be changed on the tax roll based on proof of ownership which is not recorded. All three questions should, in my opinion, be answered in the negative. Article VII, s. 6(a), State Const. provides in pertinent part: Every person who has the legal or equitable title to real estate and maintains thereon . . . permanent residence . . . shall be exempt from taxation . . . up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law. . . . The legislature pursuant to the constitutional mandate in that article enacted s. 196.031(1), F. S. (which is essentially a restatement of the constitutional provision). Thus, neither the State Constitution nor s. 196.031
requires the public recording of evidence of title in order to claim homestead exemptions. Department of Revenue Rule 12B-1.204(4)(c)(1), F.A.C., provides: . . . [T]here is nothing in the Constitution requiring that evidence of such title be a matter of public record . . . . There is no requirement that title to homestead property be recorded. The regulations, supra, further provide that persons holding real property under adverse possession could have sufficient title to claim homestead exemptions. Attorney General Opinion 054-81 is in accord. Therefore, since a tax assessor has "no authority to impose additional conditions or restrictions," he or she cannot impose an absolute requirement that the deed be a public record, nor, a fortiori, that it be recorded by January 1. Maxwell v. Good Samaritan Hospital Ass'n, Inc., 195 So.2d 255 (4 D.C.A. Fla., 1967). Your second question, in my opinion, should also be answered in the negative. Article VII, s. 6(a), supra, grants homestead exemptions to "every person who has the legal or equitable title" to real estate upon establishment of right to the exemption in the manner prescribed by law. Pursuant to that constitutional mandate, s. 196.041, F.S., provides that vendees in possession, together with other described classes of ownership, "shall be deemed to have legal or beneficial . . . title" when instruments under which the property is held are recorded. There is, however, no affirmative expression of a legislative intention that recordation shall be the only way to establish an equitable or legal title. The statute does of course provide one method of so doing, but in the absence of judicial construction of this provision I would not imply an intent that the prescribed method should be exclusive and mandatory. See AGO's 072-154 and 069-46; see also AGO 051-295, September 4, 1951, Biennial Report of the Attorney General, 1951-1952, p. 358; AGO 039-10, February 19, 1939, Biennial Report of the Attorney General, 1939-1940, p. 448. This interpretation is adopted by the regulation of the Department of Revenue for homestead exemptions, Rule 12B-1.202(4)(b)(1)(d), F.S.C., which provides that a "contract for deed need not be recorded." The courts have consistently held that vendees may have a taxable equitable title without recording, Bancroft Inv. Corporation v. City of Jacksonville, 27 So.2d 162 (Fla. 1946); Johnson v. McKinnon, 34 So. 272 (Fla. 1903), see also AGO 073131; that the purchaser of real property may be regarded as the beneficial owner in equity, Kozacik v. Kozacik, 26 So.2d 659 (Fla. 1946); and that statutory provisions must be construed consistent with the rule that an express constitutional grant not be made conditional, Sparkman v. State, 58 So.2d 431 (Fla. 1952). See AGO 069-46; AGO 051-295, September 4, 1951, Biennial Report of the Attorney General, 1951-1952, p. 358. Consequently if a recorded instrument is not a prerequisite for homestead exemption, neither is its recordation by January 1. It should be noted that my responses to the preceding questions do not alter the constitutional and legislative requirements that the taxpayer present proof of a legal title or beneficial title in equity to real property in this state; and a permanent residency in the state, Art. VII, s. 6(b), State Const. and s. 196.031(1), F.S. The status and ownership of the property on January 1 under general law governs its taxation. Section 192.042(1) and s.192.053, F.S.; 31 Fla. Jur. Taxation s. 250; AGO 072-154. However, some duty has been placed upon the taxing authorities to aid a purchaser after January 1 each year in protecting his interest. See s. 197.072(2), F.S., as to duplicate tax notice to the vendee of a contract for deed, and cf. Rule 12B-1.361 and s.695.22, F.S., by application of which supplemental, but not substitute, entries on an assessment roll may aid in accomplishment of the statutes' directives. It is my opinion that your third question should also be answered in the negative. Section 193.114(2)(e), F.S., and the Department of Revenue's regulations, Rule 12B-1.119(2)(a), F.A.C., require the assessment roll to reflect the "owner or fiduciary responsible for payment of taxes." Overstreet v. Ty-Tan, Inc., 48 So.2d 158 (Fla. 1950); cf. Rule 12B-1.108. Furthermore, s. 193.085(1) and (2), F.S., in pertinent part provides that: (1) The tax assessor shall insure that all real property within his county is listed and valued on the real property assessment roll. . . . (2) . . . [The] individual tax assessors may use such other maps and materials [to insure that all real property is listed]. (Emphasis supplied.) Therefore, even though an assessment under an "erroneous statement of ownership" is an "irregularity," which will not relieve the taxpayer of tax liability, the assessor is under a duty to use reasonable means to determine the owner of the property. Sections193.085(1) and (2), 193.052, 193.114(2)(e), F.S., and Rule 12B-1.119(2)(a), F.A.C., supra. See also AGO 072-250. In AGO 070-126 it was concluded that adverse claims to property could be simultaneously listed. Also, in AGO 070-57 a tax return which was filed by a divorcee under her name prior to her marriage was deemed sufficient authority to change the name on the tax roll. It is therefore my opinion that a name can be changed on the tax roll not only by filing a recorded instrument, but also by filing a return or by other proof of a legal claim to the property in question. Attorney General Opinions 070-57, 070-126, and 070-362.