The Honorable Robert Burgess Property Appraiser Santa Rosa County Post Office Box 606 Milton, Florida 32572
Dear Mr. Burgess:
This is in response to your request for an opinion on substantially the following question:
 IS THE SANTA ROSA COUNTY PROPERTY APPRAISER REQUIRED TO FURNISH THE BOARD OF COMMISSIONERS OF THE SKYLINE FIRE PROTECTION AND RESCUE SERVICE DISTRICT A TAX ROLL WHICH INCLUDES TAXABLE PROPERTIES WITHIN THE DISTRICT WHICH HAVE BEEN ANNEXED TO THE CITY OF MILTON AND TO INCLUDE IN THE SANTA ROSA COUNTY TAX ROLL ASSESSMENTS MADE BY THE BOARD AGAINST SUCH PROPERTIES?
You have also asked whether the City of Milton or the Skyline Fire Protection and Rescue Service District is responsible for fire control within that portion of the annexed area which is within the district and what arrangements for payment of preexisting debt should be made if assessments against the above annexed property for district purposes are discontinued. Inasmuch as these additional questions do not appear to relate to your official duties as Santa Rosa County Property Appraiser, I am unable to render official opinions on these aspects of your inquiry. See, s.16.01(3), F.S.
The Skyline Fire Protection and Rescue Service District was created by Ch. 80-606, Laws of Florida. Section 2(2) of Ch. 80-606, supra, provides a legal description of "[t]he lands to be included within the district. . . ." Some portions of that description refer to the lands "included within the district" as such portions of enumerated sections or parcels of land "outside Milton City Limits;" however, many other sections of land described or enumerated therein do not contain such a provision. Section 5(1) of Ch. 80-606 authorizes the district's governing board of commissioners "to levy special assessments against the taxable real estate within the district to provide funds for the purposes of the district." Section 5(2) and (3) requires the district's governing board to fix by resolution the rate of assessments and provides certain maximum rates for various types of taxable real estate depending on the use of the property. See also, Ch. 83-515, Laws of Florida, amending the boundaries of the district as described in s. 2 of Ch. 80-606 and amending s. 5(3) to change the maximum rate for assessments, the effectiveness of which was expressly conditioned on referendum approval by a majority of qualified electors of the area affected. This office has not been advised as to whether the provisions of Ch. 83-515, supra, were approved by referendum.
With respect to your official duties as Santa Rosa County Property Appraiser, s. 6(1), Ch. 80-606, Laws of Florida, provides in pertinent part that the county property appraiser "shall furnish the commissioners a tax roll covering all taxable properties within the district, on or before June 1 of each year, . . ." (e.s.) Section 6(2), Ch. 80-606, supra, further provides in pertinent part that the property appraiser "shall include in the Santa Rosa County Tax Roll the assessments made by the board. . . ." Finally, s. 6(3), Ch. 80-606, provides for reimbursement to the office of the Santa Rosa County Property Appraiser for assessing such taxes in the manner and amount authorized by general law. You have not advised this office of any statutory changes that would affect the provisions of s. 6 of Ch. 80-606, Laws of Florida, nor am I aware of any such changes. Moreover, except as noted above with respect to Ch. 83-515, Laws of Florida, you have not advised this office of any statutory changes that would affect the legislative description of "lands to be included within the district," nor am I aware of any such changes. However, in view of the fact that some of the property within the district as described in Ch. 80-606 has been annexed to the City of Milton, which provides fire protection services within the city, you have posed substantially the question set forth above. See, s. 192.032(1), F.S. (real property shall be assessed "in that county in which it is located and in that taxing jurisdiction in which it may be located").
The property appraiser of each county is a constitutional officer of the state and, as such, is obligated to carry out the provisions of state statutory law setting forth his duties and responsibilities. State ex rel. Peacock v. Latham, 170 So. 475 479 (Fla. 1936); Maxwell v. Good Samaritan Hospital Association, Inc.,195 So.2d 255, 256 (4 D.C.A.Fla., 1967), pet. for cert. discharged, 204 So.2d 519 (Fla. 1967), app. dismissed, 392 U.S. 656
(1968). In the absence of legislative change in the provisions of s. 6, Ch. 80-606, Laws of Florida, or a binding judicial determination to the contrary, it appears that the Santa Rosa County Property Appraiser is required to furnish the board of commissioners of the Skyline Fire Protection and Rescue Service District a tax roll covering all taxable properties within the district, on or before June 1 of each year, including therein taxable properties within the district which have been annexed to the City of Milton, and that assessments made by the board shall be included in the county tax roll, unless by operation of the annexation such properties are no longer included within the district. Accordingly, it becomes necessary to examine the effect of such annexation on such taxable properties within the Skyline Fire Protection and Rescue Service District as are now included within the limits of the City of Milton.
In AGO 71-349, this office concluded that the powers and duties of a special fire control district established pursuant to a special act of the Legislature would not be affected by the district's subsequent incorporation into a municipality. That opinion relied on several cases from foreign jurisdictions holding generally that, in the absence of a statute so providing, a special taxing district is unaffected by the extension of a municipality's boundaries to include all or a portion of the area within the special district. The opinion further noted that these decisions were in harmony with the holding in Boca Ciega Sanitary District, Pinellas County v. State, 161 So.2d 529 (Fla. 1964). In that case, a decree which in part excluded from a district created by special act certain lands which had been annexed to the Town of Largo or which were subject to a contract which allocated to the town the right of exclusive water service thereto was modified to delete such judicial exclusion. The Court said in pertinent part that
 we find no substance to the contention that the District boundary description was made ambulatory so as to be subject to alteration by municipal annexation. The description of District boundaries as extending on one side to the Town of Largo would, under ordinary rules of construction, incorporate the area up to the Town boundary line then existing. (e.s.)
161 So.2d at 532.
Thus, in the absence of legislative clarification, I am unable to conclude that annexation to the City of Milton of properties included by legislative description within the Skyline Fire Protection and Rescue Service District has effected any change in the boundaries of the district for purposes of your duties as Property Appraiser pursuant to Ch. 80-606, Laws of Florida. Moreover, in view of the Court's comments quoted above, I am also unable to conclude that there is any distinction, for purposes of your duties, between those properties included within the district as described without qualification in Ch. 80-606, supra, and those properties described therein as "outside Milton city limits." See also, AGO 74-61 (fact that territory to be annexed to a city is within the boundaries of a special taxing district will not prevent an annexation that is otherwise proper, but the powers and duties of such a district created and established by special act of the Legislature will not be affected by incorporation into the city); AGO 80-33 (absent legislative or judicial direction, the apportionment, proration or transfer of ad valorem tax revenues from county municipal services districts or other dependent districts to an annexing municipality is unauthorized). Cf., s.171.061(1), F.S., providing that the area annexed to a municipality shall be subject to taxes of municipality on effective date of annexation, except that the annexed area shall not be subject to municipal ad valorem taxation for the current year if such effective date falls after levy of such tax by the municipal governing body; and s. 171.062(1) and (2), F.S., providing that an area annexed to a municipality shall be subject to all laws, ordinances, and regulations in force in the municipality and shall be entitled to the same privileges and benefits as other parts of the municipality upon the effective date of annexation, and further providing that certain county land use plans or zoning or subdivision regulations to which the annexed area was subject shall remain in full force and effect until the municipality rezones the annexed area in accord with its own comprehensive plan. Neither s. 171.061(1) nor s. 171.062(1) and (2) appears to address or speak to the effect of annexation on the taxing jurisdiction of a preexisting legislatively created special district, all or part of which is included in an annexed area.
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that the Santa Rosa County Property Appraiser is required by the unamended terms of s. 6, Ch. 80-606, Laws of Florida, to furnish the board of commissioners of the Skyline Fire Protection and Rescue Service District a tax roll which includes taxable properties within the district which have been annexed to the City of Milton and to include in the Santa Rosa County Tax Roll assessments made by the board of commissioners against such properties.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General