

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 8, 1992

Honorable Thomas E. White
Hamilton County Attorney
P. O. Box 831
Hamilton, Texas 76531

Opinion No. DM-186

Re: Whether the boundaries of the Hamilton Hospital District, described in the district's authorizing legislation as coextensive with certain commissioners precincts of Hamilton County, change in accordance with the county's subsequent redistricting of those commissioners precincts (RQ-395)

Dear Mr. White:

You ask about the boundaries of the Hamilton County Hospital District (the "district"). The bill authorizing the district's creation was adopted in 1987. Acts 1987, 70th Leg., 2d C.S., ch. 42, § 1.03, at 131. In 1989, the 1987 enabling legislation was amended to provide that the district boundaries are to be "coextensive with the boundaries of commissioners precincts 1, 2, and 4 of Hamilton County." Acts 1989, 71st Leg., ch. 591, § 1, at 1960. The 1989 bill further specifies that one district director "shall be elected from each commissioner precinct included in the district and two directors shall be elected from the district at large." *Id.* at 1961.

You advise that since the above-mentioned 1989 amendments, Hamilton County has redrawn its commissioners precinct lines. You ask whether the district's boundaries change in accordance with Hamilton County's redrawing of its commissioners precinct lines or whether they remain coextensive with the boundaries of the county's commissioners precincts 1, 2, and 4 as the latter existed at the time of the 1989 amendments, which referred to such commissioners precinct boundaries for purposes of describing the territory of the district. In our opinion, the district's boundaries -- both externally, and internally for purposes of director elections -- remain coextensive with those of Hamilton County's commissioners precincts 1, 2, and 4 as the latter existed at the time of the 1989 legislation.

We note first that, although we find no Texas cases on point, it has been held elsewhere that "under ordinary rules of construction," a delineation of a political subdivision's boundary by reference to that of another political subdivision refers to the boundary as it existed at the time of such delineation. *Boca Ciega Sanitary Dist. v. State*, 161 So.2d 529 (Fla. 1964). We think such rules of construction should be applied in this instance.

Presumably the legislature's provision for the boundaries of the district in the 1989 legislation resulted from a legislative determination as to what specific geographic portion of Hamilton County was in need of a hospital district. We think it unlikely, therefore, that the legislature would have intended that the occasions of the redrawings of internal commissioners precinct lines by a discreet political entity, Hamilton County, would have the effect of periodically relocating the district's boundaries.[1] County commissioners courts, under article V, section 18(a) of the Texas Constitution have broad powers to alter county commissioners precinct lines "from time to time, for the convenience of the people." *See, e.g.*, Attorney General Opinion O-6091 (1945). If the legislature had intended that the county's redistricting of its commissioners precinct would effect corresponding changes in the district's boundaries, potentially of considerable magnitude, we think it would have specifically provided for such.[2]

---

[1]The Hamilton County Hospital District is a political entity discreet from Hamilton County. It has its own elected directors, and may impose taxes, issue bonds, make contracts, and exercise powers of eminent domain. *See* Acts 1987, 70th Leg., 2d C.S., ch. 42, arts. 4, 5, 7, 8. There are no provisions in the district's legislation, however, for alteration of the district's boundaries.

[2]We do not think it necessary in this context to reach the question whether the legislature could constitutionally have created an arrangement whereby the district's boundaries changed in accordance with county redistricting. The possible consequences of such an arrangement -- that persons who had voted for the district and its taxing authority and paid taxes would suddenly find themselves no longer in the district, and persons who had not previously been included in the district would find themselves within it and presumably liable for taxes they had not voted for -- might raise constitutional issues.

Also, please note that we do not understand you to ask about, and we consequently do not address here, problems the district may encounter with respect to constitutional one-person-one-vote requirements, given its continued use of commissioners precinct lines which Hamilton County has found it advisable, probably, at least in part, out of one-person-one-vote considerations, to redraw. *See, e.g., Avery v. Midland County*, 390 U.S. 474 (1968).

## S U M M A R Y

The boundaries of the Hamilton County Hospital District, which are delineated in the district's enabling legislation, as amended, by reference to the boundaries of Hamilton County's commissioners precincts numbers 1, 2, and 4, are not changed as a result of the county's subsequent redistricting of said precincts, but remain coextensive with the boundaries of commissioners precincts 1, 2, and 4, as they existed at the time of the legislature's designation of the district's boundaries.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General