167 So.2d 868 (1964)
William FOXWORTH, Petitioner,
v.
L.L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 33592.
Supreme Court of Florida.
October 7, 1964.
*869 William Foxworth, in pro. per.
James W. Kynes, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
We have this matter for consideration upon Foxworth's original petition for a writ of habeas corpus and the respondent's return.
Foxworth, at the age of 14 years, together with several other minors, was indicted, tried by jury and found guilty of murder in the first degree. On November 29, 1944, pursuant to a mercy recommendation, he was sentenced to life imprisonment. In February, 1964, Foxworth moved in the circuit court to have his conviction vacated under our Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. On March 10, 1964, the circuit judge, after examining the court's records, denied the motion. The petitioner thereupon filed an affidavit of insolvency and a motion to have counsel appointed to assist him in appealing the adverse order on his Rule 1 motion. On April 6, 1964, the circuit judge entered an order denying the adjudication of insolvency and request for appointment of counsel, pursuant to a finding "that the appeal is totally lacking in merit." The clerk of the trial court thereupon refused to file the petitioner's notice of appeal and other appeal papers without payment of filing costs in the absence of an adjudication of insolvency.
The petitioner was thereby confronted with a dilemma. The judge refused to adjudicate his insolvency, not because he was solvent but rather because of the view that the appeal from the Rule 1 order was frivolous. The clerk refused to file the appeal papers without payment of costs because there was no order adjudicating the petitioner insolvent.
In this situation Foxworth applied to this Court for a writ of habeas corpus. He alleged that the state had effectively used its processes to prevent him from appealing. He further alleged various organic defects in his original conviction. Our concern was generated by the denial of the order of insolvency on the ground that the trial judge deemed the appeal frivolous. We have held that the denial of an application for an adjudication of insolvency can have the effect of illegally precluding appellate review. Loy v. State, Fla., 74 So.2d 650. Under Section 924.17, Florida Statutes, F.S.A., the petitioner was entitled to an adjudication on the merits of his motion for a determination of his insolvency. Instead of passing on the claim of insolvency, the trial judge denied the motion because of his view that the prospective appeal was frivolous. The petitioner had a right to present his matter to the proper appellate court. If he was in fact insolvent, as he would likely be after twenty years of imprisonment, he was entitled to have this fact settled so that he could at least file his appeal papers without payment of costs. Section 924.17, supra. With reference to the appointment of counsel to assist in appealing from the adverse order on the Rule 1 motion, the trial judge acted within his sound discretion in denying the request. We have held that in these collateral attacks on criminal judgments, the obvious frivolity of the appeal may be a proper ground for denying state-appointed counsel. State v. Weeks, 166 So.2d 898, opinion filed March 4, 1964.
We issued the writ in the instant case because by the time the matter reached us the petitioner's appeal period had expired and he was without other adequate remedies. We could have referred him to the appropriate District Court of Appeal as we did in State ex rel. Ervin v. Smith, Fla., 160 So.2d 518. However, in order to dispose of the matter with dispatch we required a return and now reach the merits.
*870 As grounds for post conviction relief, the petitioner claims that he was without the assistance of counsel at his arraignment; that he had no counsel to assist him on appeal from the murder conviction; that the true bill found by the grand jury lacked the signature of the foreman; that his commitment papers were signed by a deputy clerk, rather than by the trial judge or clerk of the court, and that he was a minor at the time of his conviction.
The records of this Court reveal the unsoundness of these contentions. After his 1944 conviction the petitioner and his co-defendants did appeal to this Court with assistance of counsel. Bevels et al. v. State, 156 Fla. 159, 23 So.2d 156. We may take judicial notice of these records. Irvin v. Chapman, Fla., 75 So.2d 591. Our examination of the original appellate record in the petitioner's case shows clearly that his present contentions are without merit. He was assisted by experienced counsel at his arraignment, at his trial and in perfecting his appeal. The grand jury's true bill was properly signed by the foreman. The signing of the commitment papers by the deputy clerk in the name of the clerk offers no ground for relief. Section 28.06, Florida Statutes, F.S.A. The minority of the petitioner at the time of his conviction was no bar thereto.
Although by state action, the petitioner was precluded from appealing the adverse order on his Rule 1 motion, we have by this proceeding given him the benefit of review. State ex rel. Ervin v. Smith, et al., supra. We can well understand the view of the trial judge that his claims were frivolous.
Finding the petition to be without merit, the writ is discharged and the petitioner is remanded to custody.
It is so ordered.
DREW, C.J., and ROBERTS, O'CONNELL and ERVIN, JJ., concur.