WALDEN, Chief Judge.
This is an appeal by the Town of Palm Beach from an order of mandamus entered by the trial court directing the Town to issue a paving permit to appellee, Mr. Stein-hardt. We reverse that order on the grounds that there was no clear legal right on the part of appellee to be issued that permit.
The Palm Beach Code § 33-1 defines basement as follows:
“Basement. A story, the floor of which is two feet or more underground and having at least one-half of its height above the average level of adjoining ground. Basement shall not be considered a story with regard to height regulations hereafter mentioned if the same does not exceed eight feet in height above the average level of the adjoining ground, and if designed for any adapted to and used for the purpose of auto storage, furnace and other utility purposes. Exterior walls of basements of a building shall be set back from all property lines as required for the building exteri- or wall line of the story next above.”
Mr. Steinhardt has built a multi-family dwelling with a basement, (ostensibly not a story according to this definition), five stories and a penthouse. The problem arises because the basement floor is flush with the parking lot area, in violation of the quoted code section. As such, the basement is a story, making the building six stories with a penthouse — an impermissible structure under the Town Code § 33-7:
“(B) Building height limit:
* * * * * *
“(2) For buildings other than single family dwellings and accessory buildings the height shall not exceed fifty feet, except as provided in section 33-11, subsection (L); provided however, that one penthouse story not to exceed twelve feet in height may be added to such buildings beyond this height if all parts of such penthouse story are kept within the limits of a prism having an angle of forty-five degrees projected from all building exterior wall lines the measurement of said angle beginning at the top of the building exterior wall height of fifty feet. In no event, however, shall such building contain more than five stories and a penthouse . . . .” (Emphasis supplied.)
The building plans approved by the Town specifically provided:
“Parking lot elevation to be 24" above basement floor (slope up).”
Mr. Steinhardt has argued that the term “underground” does not equate with the phrase “average level of adjoining ground,” and urges that the term underground should be interpreted together with the Town Code proscription for measuring the height of buildings, § 33-11:
“. . . determining height
* * * * * *
“The height of all buildings shall be measured from the grade established by *195 the town for the crown of the public street or road at its highest elevation abutting the property, or in the event such elevation is below Plus 7% feet U. S.C. & G.S. datum, then it shall be measured from Plus feet U.S.C. & G.S. datum. . . . ”
Mr. Steinhardt urges that “underground,” in the basement definition, means below the point from which height elevation is measured. We find, however, that the basement definition clause and the height measurement clause are mutually exclusive.[1] For example, the requirements necessary for a basement to be a non-story would be thwarted if the height clause datum were used for a beginning measurement of “underground.” Using Mr. Stein-hardt’s thesis, should the ground upon which the building were to be built be above the highest elevation covered in the height clause, perhaps 10 feet above it, the basement would have to be 12 feet underground to conform to the 2 foot underground requirement of the basement definition. If the property being developed were 10 feet below the measurable elevation in the height clause the basement could be on stilts and still ostensibly conform to the 2 foot underground requirement.
We hold the two clauses in the Town Code are independent, to be construed individually, and practicably so. For a basement to qualify as a non-story under the definition of “basement” in the Town Code, the basement floor should be 2 feet underground, 2 feet under the ground on which the building is constructed, whereas for a building to conform to height limitations, reference should be made to the Building Height Provision of the Town Code.
We are aware that for Mr. Steinhardt to comply with the Town Code and the provisions of the plans which he successfully submitted to the Town for approval, he must elevate his parking lot, which has been cleared and leveled, 24 additional inches. If Mr. Steinhardt should be somehow aggrieved or placed under hardship by this requirement of which he necessarily had knowledge, then his remedy is to be found in resort to administrative relief, such avenues being available in the Town of Palm Beach, and not heretofore traveled by Mr. Steinhardt.
We hold that the issuance of the peremptory writ of mandamus was error in that its issuance was based upon an erroneous interpretation of the Town’s Ordinance and because Mr. Steinhardt did not establish a clear legal right to the issuance of a paving permit and the writ commanding same. State ex rel. Lacedonia v. Harvey, 68 So.2d 817 (Fla.1953); Rhoades v. Sweet, 276 So.2d 221 (3d DCA Fla.1973).
We reverse and remand with respectful instructions to quash the peremptory writ of mandamus.
Reversed and remanded.
CROSS and DOWNEY, JJ., concur.

. Mr. Steinhardt has argued that the new modification in the Town Code of the basement definition supports his interpretation of “underground” as being measured by the crown of the road, or Plus 7!4 feet U.S.C. & G.S. datum as noted in the height clause. The modification reads:
“Basement: A story where the floor of which is two feet or more underground and having not more than one-half of its height . . . above the average level of adjoining grounds,” and appellee urges it would result in a four foot story unless “underground” were measured in relation to the height clause. Nonetheless, the modification would result in a four foot story should the adjoining ground be level with the height clause datum, and it appears, therefore, that the clause is an unfortunate one, but not one mandating a reading of the two code sections — re basement definition and height measurements — together.