321 So.2d 567 (1975)
TOWN OF PALM BEACH, a Florida Municipal Corporation, et al., Appellants,
v.
STATE of Florida ex rel. Milton F. STEINHARDT, Appellee.
Nos. 75-1059, 75-1266.
District Court of Appeal of Florida, Fourth District.
November 14, 1975.
H. David Faust and Arthur G. Wroble of Burns, Middleton, Farrell & Faust, Palm Beach, for appellants.
Michael B. Davis and David F. Crow, of Walton, Lantaff, Schroeder, Carson & Wahl, West Palm Beach, for appellee.
OWEN, Judge.
This is another episode in the continuing difficulties between appellant and appellee.
*568 Appellee, a developer constructing a condominium in Palm Beach, filed a petition for writ of mandamus to require appellant, Town of Palm Beach, to issue him a permit to complete the parking lot of his condominium project. The trial court issued a peremptory writ of mandamus on March 7, 1975. The Town filed a timely notice of appeal.[1]
While the appeal was still pending in this court, Mr. Steinhardt filed in the trial court, in the same proceeding, a motion for an order holding the Town of Palm Beach in contempt, alleging that the Town officials were harassing him at his condominium project in an attempt to coerce him into abandoning his rights under the peremptory writ. Mr. Steinhardt subsequently amended this motion to request an order restraining the Town of Palm Beach from engaging in this alleged harassment. Essentially, as appellee concedes in his brief, the amended motion constituted a new, separate and independent cause of action, unrelated to the writ of mandamus theretofore issued. The Town's objection that the court lacked jurisdiction, because exclusive jurisdiction had been transferred to the appellate court upon the Town's filing notice of appeal, was overruled. The court took testimony and thereafter entered its restraining order against appellant. Subsequently, the court entered an order taxing certain costs against the Town. Appeal No. 75-1059 seeks review of the restraining order. Appeal No. 75-1266 seeks review of the order taxing costs. These appeals have been consolidated for our consideration. It is our opinion that both orders must be reversed.
When appellee's mandamus action terminated in the entry of a final judgment by which the writ was issued, and the time allotted in the Florida Rules of Civil Procedure for altering, modifying or vacating that judgment expired, the trial court's jurisdiction in the cause also terminated, Shelby Mutual Insurance Company of Shelby, Ohio v. Pearson, 236 So.2d 1 (Fla. 1970), except for the purpose of enforcing the judgment. Mabson v. Christ, 96 Fla. 756, 119 So. 131 (1928); 19 Fla. Jur., Judgments and Decrees, § 539 (1958). When appellant filed its notice of appeal, the trial court's jurisdiction to enforce the judgment was foreclosed by virtue of Rule 5.12(1) F.A.R. which provides for the automatic stay of judgments appealed by the State or any of its political subdivisions. See, City of Miami v. City of Coral Gables, 233 So.2d 7, 41 ALR3rd 1000 (3rd DCA Fla. 1970). But even if the Town had not undertaken an appeal, automatically invoking Rule 5.12 F.A.R., and the judgment had remained in full force and effect, the court would have lacked jurisdiction to enter the restraining order herein appealed because the object of that order was not the enforcement of the original judgment, i.e., to require the Town to issue the paving permit. Rather, appellee quite clearly was seeking, in the form of a restraining order, new and independent relief which, although a proper subject for a court of equity upon the filing of an appropriate complaint and the issuance and service of process, was not a proper subject for postjudgment pleadings in the mandamus action.
We hold that the trial court lacked jurisdiction to entertain, in the mandamus action by postjudgment motion, a new, separate and independent cause of action between the parties. The Town's motion to dismiss for lack of jurisdiction should have been granted. The restraining order of May 15, 1975 (No. 75-1059) and the subsequent order taxing costs against appellant (No. 75-1266) are severally reversed and this cause is remanded with directions to dismiss Mr. Steinhardt's postjudgment motion *569 for a restraining order without prejudice to seek such relief in a separate and independent action.
Reversed and remanded.
MAGER, J., and STRAWN, DAVID U., Associate Judge, concur.
NOTES
[1] Town of Palm Beach v. State of Florida ex rel. Steinhardt, 318 So.2d 193 (4th DCA Fla. 1975), in which this court quashed the peremptory writ.