356 So.2d 31 (1978)
PRODUCTION CREDIT ASSOCIATIONS OF FLORIDA and Federal Land Bank Associations of Florida, Petitioners,
v.
The DEPARTMENT OF INSURANCE of the State of Florida, the Florida Association of Insurance Agents and the Florida Farm Bureau Federation, Respondents.
No. FF-277.
District Court of Appeal of Florida, First District.
March 1, 1978.
Rehearing Denied March 30, 1978.
J.R. Lowry, of Lowry & Ritch, Gainesville, Joseph C. Jacobs and Robert J. Angerer, of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for petitioners.
James N. McConnaughhay, of Harris, Liles, McConnaughhay & Weidner, Edward L. Kutter and E. Harper Field, of Keen, O'Kelley & Spitz, Tallahassee, for respondents.
BOOTH, Judge.
This cause is before the Court on Petition for Review of final agency action of the Respondent, Department of Insurance, State of Florida. The order sought to be reviewed holds that employees of Petitioners, Production Credit Associations of Florida and Federal Land Bank Associations of Florida, may not be licensed as insurance agents by Respondents due to the prohibition of Florida Statute § 626.988, providing in part as follows:
"(1) For the purpose of this section the following definitions shall apply:
(a) `Financial institution' means any bank, bank holding company, savings and loan association, savings and loan association holding company, or savings and loan association service corporation or any subsidiary, affiliate, or foundation of any one of the foregoing ...
.....
(2) No insurance agent or solicitor licensed by the department of insurance under the provisions of this chapter who is associated with, under contract with, retained by, owned or controlled by, to any degree, directly or indirectly, or employed by, a financial institution shall engage in insurance agency activities as an employee, officer, director, agent, or associate of a financial institution agency ..."
*32 Respondent correctly determined that Petitioners are financial institutions[1] within the meaning of the above-quoted statute and that employees of Petitioners may not be licensed as insurance agents.
Insurance is an industry affected with a public interest[2] and subject to regulation by the States.[3] The Legislature has determined that there is potential for abuse inherent in financial institutions being involved in the sale of insurance, and that the licensing of employees of financial institutions as insurance agents is not in the public interest. No valid basis exists, either in the terms of the statute itself, or on the facts, for distinguishing Petitioners from any other lending institution in this regard.
Accordingly, Petition for Review is DENIED.
McCORD, C.J., and SMITH, J., concur.
NOTES
[1] See, 12 U.S.C. §§ 2012 & 2072, setting out powers and functions of federal land banks and intermediate credit banks.
[2] Springer v. Colburn, 162 So.2d 513 (Fla. 1964); 18 Fla.Jur., Insurance, § 16.
[3] "McCarran Act," 15 U.S.C. §§ 1011-1015.