ORDER ON REQUEST FOR JUDICIAL NOTICE AND MOTION TO STRIKE
PER CURIAM.
This is an appeal from a final order of the Florida Public Employees Relations Commission (PERC) certifying the Hillsborough County Government Employees Association (HCGEA) as the exclusive bargaining representative for certain county employees. Pinellas County was granted leave to appear as amicus curiae.
In the course of the proceedings below, the petition for certification was challenged on the grounds that HCGEA had misrepresented its affiliation status in PERC’s registration files and therefore was not properly registered. In its final order PERC found “... that while there is a relationship between HCGEA and either the FPBA or the HCPBA, there is no evidence that the HCGEA is affiliated with either organization in any legal sense which casts doubt upon the validity of the HCGEA’s registration license.”
In the appendix to its amicus brief, Pinel-las County included portions of the record in a case which was before the local Pinellas County PERC where HCGEA’s registration was revoked because of its failure to disclose its affiliation status. Pinellas County requests the Court take judicial notice of the county PERC record and decision pursuant to Section 90.202, Florida Statutes.
The Commission moves to strike the portions of the appendix containing the Pinel-las County PERC record on the grounds that (1) the county record was not submitted to PERC in the instant case and the Pinellas County PERC relied upon facts that were not before the Florida PERC in this proceeding; (2) the evidence code sections relating to judicial notice were not meant to apply to an appellate proceeding but were intended to authorize a trial court judge to take judicial notice of the specified matter; (3) Florida Rule of Appellate Procedure 9.220 allows “other authorities” to be included in the appendix but the Pinellas County PERC record is not “other authority”.
Pinellas County responds that judicial notice is requested not to raise factual matters but merely to limit the impact of the “no evidence” statement in the final order on appeal to the record in this case and to reflect that there were differences in the evidence considered by the two agencies. Pinellas County argues, citing to Section 90.202(6), that judicial notice is appropriate because the Pinellas County PERC order is currently on appeal to the Second District *134 Court of Appeal and the matters in the appendix are portions of the record before that court. Lastly, Pinellas County asserts that the disputed portion of the appendix is properly included in the appendix as “other authority”.
Because Section 90.203 states that a court shall take judicial notice of any matter in Section 90.202 when properly requested, we must determine whether Section 90.203 applies to appellate proceedings.
Section 90.203, Florida Statutes (1981), is part of the Florida Evidence Code. Section 90.103(1) states that the Florida Evidence Code shall apply “... to the same proceedings that the general law of evidence applied to before the effective date of the code.” The general law of evidence did not apply to appellate proceedings prior to the effective date of the Code. An appeal has never been an evidentiary proceeding; it is a proceeding to review a judgment or order of a lower tribunal based upon the record made before the lower tribunal. An appellate court will not consider evidence that was not presented to the lower tribunal because the function of the appellate court is to determine whether the lower tribunal committed error based on the issues and evidence before it. See Tyson v. Aikman, 159 Fla. 273, 31 So.2d 272 (Fla.1947); Seashole v. F & H of Jacksonville, Inc., 258 So.2d 316 (Fla. 1st DCA 1972).
We therefore hold that The Florida Evidence Code does not apply to appellate proceedings,[1] and we are not bound by Section 90.203 to take judicial notice of those matters listed in Section 90.202.
Although appellate courts may, when appropriate, take judicial notice of their own records,[2] and such judicial notice is mandatory under certain circumstances,[3] we have discovered few cases in which an appellate court has found it permissible to take judicial notice of the records of another court in a totally separate and distinct case.[4] Numerous cases have held that an appellate court may not take judicial notice of the record in a separate proceeding. In Atlas Land Corporation v. Norman, 116 Fla. 800, 156 So. 885 (Fla.1934), the Supreme Court explained the reasons why such judicial notice would not be taken.
The circuit court whether sitting as a court of law or as a court of equity, is a court of record. As such, its judgments or decrees are to be supported, as well as tested, by what its record in the particular case may show, not by what its records at large may disclose. This is necessarily so because, if the rule were otherwise, the correctness of a particular judgment or decree when brought in question on an appeal to an appellate court might be made to depend on some secret knowledge of the judge or chancellor which, as to the parties on the appeal, might amount to a matter in pais in so far as the record of the cause being considered on the appeal is concerned. See Bouguille v. Dede, 9 La.Ann. 292, where the Supreme Court of Louisiana held that an appellate court should not consult nor take judicial notice of the contents of a record not made a part of the record of the case being appealed by being made a part of such record at the hearing or trial in the court of first instance.
Cases must be made up before the court of first instance, and the facts upon which they are based brought up properly in the record of the case being appealed; otherwise a right might be affected by a *135 record previously covered by the dust of the ages, instead of having the controversy respecting it determined upon the record made up in the court of first instance in order to arrive at the judgment or degree being appealed from.
In Department of Revenue v. Young America Builders, 358 So.2d 1096 (Fla. 1st DCA 1978), this Court specifically stated that a district court “... may not take judicial notice of the contents of files in other courts.”
Based on the foregoing authority, we conclude that this Court may not take judicial notice of the records of the Second District Court of Appeal in the Pinellas County PERC case and deny the request to take judicial notice. We also find that the disputed portions of the appendix are not “other authority” that can properly be included in the appendix pursuant to Rule 9.220, Fla.R.App.P. Therefore, the Commission’s motion to strike is granted and the portions of the appendix containing the record of the Pinellas County PERC case which is not in the record on appeal in this case and any references to that part of the appendix in Pinellas County’s brief are stricken.
McCORD, MILLS and SHIVERS, JJ., concur. .

. We do not here decide whether the procedural portions of Sections 90.203 and 90.204 apply to the appellate courts. See In Re Florida Evidence Code, 372 So.2d 1369 (Fla.1979).

. See e.g., Foxworth v. Wainwright, 167 So.2d 868 (Fla.1964); Irvin v. Chapman, 75 So.2d 591 (Fla.1954); Collingsworth v. Mayo, 37 So.2d 696 (Fla.1948).

. See Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla.1976) (on second appeal, district court must take judicial notice of opinion as well as record in original appeal).

. See Mitchell v. Gillespie, 161 So.2d 842 (Fla. 1st DCA 1964) (Supreme Court record may be consulted as an aid in interpreting Supreme Court’s published opinion; however, dissent notes that reference to that record in a brief or opinion, rather than the decision proper “is totally incompatible with ancient standards of appellate practice”.)