485 So.2d 1321 (1986)
GLENDALE FEDERAL SAVINGS AND LOAN ASSOCIATION: Community Federal Savings and Loan Association of the Palm Beaches: Naples Federal Savings and Loan Association; and Fortune Federal Savings and Loan Association, Federally Chartered Associations; Wilshire Glen Services, Inc., D/B/a Jewel City Insurance Agency, a California Corporation Registered to Do Business in the State of Florida; Comfed, Inc., d/b/a Community Insurance Agency, a Florida Corporation, and John O'Conner, Appellants, and Community Savings and Loan Association, a Florida Corporation, Appellant/Intervenor,
v.
State of Florida, Department of Insurance, a State Agency, et al., Appellees.
No. BA-488, BA-489.
District Court of Appeal of Florida, First District.
March 13, 1986.
Rehearing Denied April 21, 1986.
Jack M. Skelding, Jr. and Keith C. Tischler of Madigan, Parker, Gatlin, Swedmark *1322 & Skelding, Tallahassee, Allan J. Katz, Martin B. Unger and Edward L. Kutter of Swann & Haddock, P.A., Tallahassee, for appellants.
Freeman W. Barner, Jr., of Cromwell & Remsen, Riviera Beach, for appellant Community Federal Sav. and Loan Ass'n and Comfed, Inc., d/b/a Community Ins. Agency.
Barry Richard, of Roberts, Baggett, LaFace, Richard & Weiser, Tallahassee, for appellant/intervenor Community Sav. and Loan Ass'n.
Frank X. Kowalski, of Gillette, Pilon, & Richman, Naples, for appellant Naples Federal Sav. and Loan Ass'n.
Jim Smith, Atty. Gen., Eric J. Taylor and Bruce Barkett, Dept. of Legal Affairs, Tallahassee, and Donald A. Dowdell and S. Strom Maxwell, Dept. of Ins., Tallahassee, for appellees/State, Dept. of Ins.
John K. Aurell, Robert L. Hinkle and Elizabeth W. McArthur, of Aurell, Fons, Radey & Hinkle, Tallahassee, and Dubose Ausley and Kenneth R. Hart of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellees/Florida Ass'n of Ins. Agents.
J. Robert McClure, Jr., of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for amicus curiae/Florida Ass'n of Life Underwriters.
SMITH, Judge.
Appellants seek reversal of an order of the trial court dismissing their second amended complaint challenging the constitutionality of section 626.988, Florida Statutes (1983). The trial court ruled that this court in the case of Production Credit Associations of Florida v. Department of Insurance, 356 So.2d 31 (Fla. 1st DCA 1978), implicitly, if not expressly, found section 626.988 to be constitutional and to constitute the proper exercise of legislative authority. However, this court's opinion in Production Credit did not dispose of the constitutional issues raised in this case. Accordingly, the order dismissing appellant's complaint is reversed and the cause is remanded for further proceedings.
Section 626.988(2) precludes licensed insurance agents from engaging in insurance agency activities if they are in any way associated with a financial institution agency or a financial institution. Definitions of "financial institution," "insurance agency activities," and "financial institution agency" are provided in section 626.988(1), and certain "grandfather" exceptions to the prohibition of section 626.988(2) can be found in subsections (5) and (7) of the statute.
Appellant John O'Conner alleged in the complaint that he is a California resident, holding a nonresident Florida insurance license, and that he wishes to sell insurance in Florida but is precluded from doing so because he is associated with and employed by a financial institution agency. The remaining appellants allege that they believe themselves to be financial institutions, and financial institution agencies. They also wish to sell insurance in Florida but are precluded or limited by the provisions of this statute. Two of the appellants fall within the "grandfather" exception contained in section 626.988(5) and wish to expand their insurance agency activities in Florida, but are precluded from doing so because of the prohibitions contained in the statute.
Appellants' complaint seeks an order declaring their rights, status, and other equitable or legal relations under section 626.988, and the applicability of the statute to their activities. To the extent that section 626.988 excludes them from engaging in insurance agency activities, appellants allege this statute is facially unconstitutional as being violative of the due process, equal protection, privileges and immunities, separation of powers, and supremacy clauses of the Florida or federal constitutions. Appellants allege that exhaustion of administrative remedies with the department would not reach the constitutional issues presented. Finally, appellants request an order permanently enjoining the department and the insurance commissioner from enforcing the provisions of section 626.988.
*1323 Upon appellees' motion to dismiss for failure to state a cause of action, the trial court entered an order dismissing the second amended complaint concluding that this court's decision in Production Credit implicitly, if not expressly, found such statute to be constitutional and to constitute the proper exercise of state authority.
Contrary to the trial court's order of dismissal, this court's opinion in Production Credit did not determine the constitutionality of section 626.988. In Production Credit, the court was reviewing an order of the Department of Insurance (respondent), holding that employees of Production Credit Associations of Florida and Federal Land Bank Associations of Florida (petitioners), may not be licensed as insurance agents by the department due to the prohibitions of section 626.988. The court's opinion addressing the issues raised on appeal is quoted in its entirety below:
Respondent correctly determined that Petitioners are financial institutions within the meaning of the above-quoted statute and that employees of Petitioners may not be licensed as insurance agents.
Insurance is an industry affected with a public interest and subject to regulation by the states. The Legislature has determined that there is potential for abuse inherent in financial institutions being involved in the sale of insurance, and that the licensing of employees of financial institutions as insurance agents is not in the public interest. No valid basis exists, either in the terms of the statute itself, or on the facts, from distinguishing Petitioners from any other lending institution in this regard.
Production Credit, 356 So.2d at 32.
The only issue squarely addressed in Production Credit is the applicability of the statute to employees of Production Credit Associations of Florida and Federal Land Bank Associations of Florida. The opinion contains no language remotely suggesting that any constitutional issue was intended to be addressed by the court. Questions concerning the facial constitutionality of a statute were, of course, beyond the scope of the administrative proceeding from which the appeal in Production Credit was taken. Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Fund, 427 So.2d 153, 157 (Fla. 1982). Although constitutional issues may be considered de novo by this court on appeal from an administrative proceeding, Rice v. Department of Health and Rehabilitative Services, 386 So.2d 844 (Fla. 1st DCA 1980), the constitutional issues raised here were clearly not raised nor considered in Production Credit.[1]
At oral argument, counsel for appellees urged that even though the trial court rested the dismissal of appellants' complaint on the incorrect premise that this court's decision in Production Credit decided the constitutional issues raised by appellants, it is not necessary to remand to the trial court for a trial of these issues since this court can address them without a record. Citing Criterion Insurance Co. v. State Department of Insurance, 458 So.2d 22 (Fla. 1st DCA 1984), counsel argued that appellants' facial constitutional attack on section 626.988 raises legal issues which may be decided on the basis of the complaint and the face of the statute, and therefore remand for a factual record is not necessary.
Appellees' reliance on this court's decision in Criterion is misplaced for several reasons. In Criterion, the Department of Insurance entered a final order disapproving Criterion's insurance rate increase without notice or hearing pursuant to section *1324 120.59(3). Rather than exhaust its administrative remedies, Criterion filed suit in circuit court seeking declaratory and injunctive relief as well as a declaration that section 627.0651, under which the department acted, was facially unconstitutional. Upon the department's motion to dismiss, the circuit court recognized it had jurisdiction only to determine the facial constitutionality of the statute. The circuit court ruled that the statute "did not appear to be in violation of any constitutional principle," and dismissed the remaining issues raised in Criterion's complaint with prejudice. In affirming, this court did not address the constitutionality of section 627.0651 except peripherally, directing its attention instead to the questions of whether Criterion could bypass its administrative remedies by going to circuit court, and whether the trial court correctly determined it lacked jurisdiction to proceed once it found section 627.0651 to be facially constitutional.
This case arrives in this court in an entirely different posture than did Criterion. In Criterion, the insurance company's complaint primarily raised issues concerning the propriety of the department's order disapproving its rate increase. This order clearly amounted to agency action for which the Administrative Procedure Act provides a remedy. Criterion's constitutional attack on section 627.0651 centered around the department's alleged unconstitutional application of section 627.0651. Under established judicial precedent, a suit in circuit court challenging the constitutional deficiencies in the administrative process should not be allowed. Key Haven, 427 So.2d at 158. Criterion's contention that section 627.0651 was facially unconstitutional was a clearly secondary consideration, most probably viewed by the court as raised solely as a means of getting the case into circuit court.
By contrast, in this case there has been no agency action which might generate the right to administrative remedies. The main, if not the only, focus of appellants' complaint is their facial constitutional challenge to section 626.988. Therefore, the doctrine of exhaustion of administrative remedies is not a controlling factor in this case as it was in Criterion, and does not deprive the circuit court of jurisdiction to proceed.[2]
Criterion is further distinguishable in that the question of the facial constitutionality of section 627.0651 was at issue when the trial court considered the motion to dismiss. As noted in our Criterion opinion, Criterion could not complain that the trial court ruled on the constitutional issues prematurely since it acquiesced, at the least, and at most invited the trial court's ruling on the constitutional issues. Criterion, 458 So.2d at 25-6.
Appellees are apparently contending here that this court's decision in Criterion stands for the proposition that an attack on the facial constitutionality of a statute always involves only legal issues, to be decided absent a factual record. See Criterion, 458 So.2d at 26. This argument gives too much weight to that opinion. In Criterion, this court simply ruled that the question raised in that case, namely, the facial constitutionality of section 627.0651, was a legal one which could be determined absent the presentation of evidence. The court did not lay down a blanket rule that all questions concerning the facial constitutionality of a statute are questions of law that may be decided upon a motion to dismiss.
The rule followed by the Florida courts, as we interpret prior decisions, is that the question of the constitutionality of a statute is an issue of law, or of mixed fact and law, depending upon the nature of the statute brought into question and the scope of its threatened operation as against the party attacking the statute. Lykes Bros., Inc. v. Board of Com'rs. of Everglades Drainage Dist., 41 So.2d 898 (Fla. 1949). While there are circumstances in which trial courts are permitted to adjudicate *1325 the merits of constitutional issues in ruling on a motion to dismiss, City of Long Beach Resort v. Collins, 261 So.2d 498, 501 (Fla. 1972), Criterion, 458 So.2d at 26, the circumstances of the particular case determine whether this is appropriate. The preferable rule, properly applied here, appears to be that if the complaint's well-pleaded allegations entitle the plaintiff to a declaration of rights, the motion to dismiss should be denied and the plaintiff allowed to adduce evidence in behalf of his pleading. Lykes Bros., 41 So.2d at 900; and Okaloosa Island Leaseholders Association, Inc. v. Okaloosa Island Authority, 308 So.2d 120 (Fla. 1st DCA 1975). See also, Mills v. Ball, 344 So.2d 635, 638 (Fla. 1st DCA 1977).[3]
The wisdom of this rule is particularly evident in this case where we have been asked to rule for the first time on constitutional questions of considerable magnitude, without the benefit of any record except the various complaints and motions directed to the complaints, including appellees' motion to dismiss, the granting of which sparked this appeal. It is a familiar canon of appellate review that appellate courts are loath to rule upon issues not directly ruled upon by the trial court. 2 Fla.Jur.2d, Appellate Review, § 299. Courts prefer that the constitutionality of a statute be considered first by a trial court. Dickinson v. Stone, 251 So.2d 268 (Fla. 1971). This rule is relaxed if the constitutional issues are fully briefed and relate to matters of law exclusively, Boca Ciega Sanitary District, Pinellas County v. State, 161 So.2d 529 (Fla. 1964), and the full record is before the court. Zabel v. Pinellas County Water and Navigation Control Authority, 154 So.2d 181 (Fla. 2d DCA 1963).
Examination of the arguments in the case before us reveals that many of the constitutional issues raised in this case do not relate to matters of law only, but involve issues of mixed fact and law. In urging this court to decide the constitutional issues raised without a factual record, appellees are of necessity requesting this court to assume, among other things, that appellants will be unable to present facts establishing the absence of a rational basis for the challenged legislation. The complaint alleges (in substance), among other things, that the act "grandfathers," in virtual perpetuity, large numbers of institutions, agencies, and agents in this state who were engaged in "insurance agency activities" on an arbitrary date (April 2, 1974), while at the same time prohibiting these activities to others, who, but for the act, would be entitled to continue or later commence the same activities. Thus, it is alleged, the act serves no useful purpose, discriminates without rational basis against plaintiffs, and unlawfully infringes upon the plaintiffs' rights to engage in a lawful business or occupation, and that the act creates without lawful or rational basis an economic advantage for the "grandfathered" group, all in violation of the due process and equal protection clauses of the Florida and federal constitutions. Appellants contend that even if the coercive sale of insurance by financial institutions was a problem in Florida prior to the enactment of section 626.988, it is no longer a problem.[4] More importantly, appellants also contend that if given the chance they intend to show that so many financial institutions and their agents are currently being permitted to sell insurance under the grandfather exceptions to the statute that the entire statute has been rendered ineffectual, and that the only remaining effect of the statute is to unfairly permit some agents and financial institutions to sell insurance, *1326 while others similarly situated are prohibited from doing so.
Clearly, the constitutionality of a statute predicated upon the existence of a particular state of facts may be challenged by showing that these facts never existed or have ceased to exist. 10 Fla.Jur.2d, Constitutional Law, § 69, and cases cited therein. Because of the trial court's premature dismissal of their complaint, appellants were deprived of the opportunity to make this showing.[5]
We are not unmindful that debatable questions as to the reasonableness of the exercise of the state's police power are not for the courts but for the Legislature. However, because the exercise of the police power is subject to constitutional restraints, a determination by the Legislature as to what is a proper exercise of the police power is not final and conclusive but is subject to supervision of the courts:
Thus, whether legislation is actually within the police power, or ..., whether the power has been exercised within the proper limitations, whether the facts of a particular case warrant the assertion of the power, whether a measure is reasonable or arbitrary, whether a particular measure is designed to further some governmental function or private gain, what are subjects of the lawful exercise of the police power, and whether an act bears any reasonable and substantial relation to the public purpose sought to be accomplished are, ultimately, all judicial questions.
16A Am.Jur.2d, Constitutional Law, § 389, pp. 85-87.
This court is ill-suited to make a de novo judgment on the constitutionality of this statute in this case, which comes to us on the granting of a motion to dismiss. The record before us is simply inadequate for us to determine that there is no possibility that appellants will be able to demonstrate that the hazards of financial institutions selling insurance do not justify its proscription, or if it does, that the methods by which such proscription is sought here do not meet constitutional muster. See Laird v. State, 342 So.2d 962, 965 (Fla. 1977). Although admittedly many of the issues raised and briefed by the parties are legal ones, and could be decided on the record before us, we will not engage in piecemeal review. Accordingly, we remand to the trial court in order that the parties may build a record expounding the factual premises on which they base their opposing positions.
REVERSED and REMANDED for proceedings consistent with this opinion.
MILLS and THOMPSON, JJ., concur.
NOTES
[1] The briefs of the parties in Production Credit were filed in the proceeding below. The Petitioners in Production Credit made only one constitutional challenge to section 626.988  that it was violative of the supremacy clause by being inconsistent with provisions of the Federal Farm Credit Act of 1971. Appellants have raised a preemption issue in this case, but on a different basis, since they are challenging section 626.988 as being inconsistent with the Federal Homeowners Loan Act of 1933. We note parenthetically that had the briefs from Production Credit not been in this record on appeal, we would have been entitled to judicially notice them. Hillsborough County Board of County Commissioners v. Public Employees Relations Commission, 424 So.2d 132 (Fla. 1st DCA 1982).
[2] We have not overlooked the allegations of the complaint seeking a declaration as to the applicability to some of the appellants of certain descriptive phrases defining "financial institution" in section 626.988(1)(a). Such a declaration might arguably have been sought from the department via a petition for declaratory statement, section 120.565, Florida Statutes (1983).
[3] We note, parenthetically, the United States Supreme Court's recognition that parties challenging legislation under the Equal Protection Clause may introduce evidence supporting their claim that it is irrational, which is one of the claims made here. Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981).
[4] The federal government has enacted legislation the effect of which permits federal savings and loan associations to sell insurance. See 12 U.S.C. § 1464(c)(4)(B), 12 C.F.R. § 545.74(c) and (c)(5)(ii).
[5] By our ruling we are by no means placing our stamp of approval on the form or content of appellants' complaint. The trial court may well require more specific allegations, or may limit the issues to be tried by striking inadequately pleaded counts or claims for relief, as for example, a count failing to identify the particular party to whom, or the manner in which, the challenged act affects that party, or claims for which an adequate administrative remedy is available under our Criterion decision.