503 So.2d 415 (1987)
GULF COAST HOME HEALTH SERVICES OF FLORIDA, INC., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Forest Terrace Home Health Agency, Inc., and Visiting Nurse Association of Tampa Bay, Appellees.
GULF COAST HOME HEALTH SERVICES OF FLORIDA, INC. and Fahha, Inc., Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Medical Personnel Pool, Inc., Appellees.
GULF COAST HOME HEALTH SERVICES OF FLORIDA, INC. Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Beverly Enterprises  Florida, Inc. d/b/a Beverly  Gulf Coast Florida, Inc., (Pasco County), Appellees.
GULF COAST HOME HEALTH SERVICES OF FLORIDA, INC., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES Medical Personnel Pool of Tampa-St. Petersburg, Inc., Beverly Enterprises-Florida, Inc.
Nos. BO-231, BO-456, BP-17 and BP-39.
District Court of Appeal of Florida, First District.
March 2, 1987.
*416 Leonard A. Carson, John D.C. Newton, II, and Richard T. Donelan, Jr., of Carson & Linn, P.A., Tallahassee, for appellant.
Robert A. Weiss and Thomas D. Watry of Parker, Hudson, Rainer & Dobbs, Atlanta, Ga., for Medical Personnel Pool, Inc.
Robert D. Newell, Jr., Tallahassee, for Visiting Nurse Ass'n of Tampa Bay, Inc.
Stephen K. Boone of Boone, Boone, Klingbeil & Boone, Venice, for Beverly Enterprises  Florida, Inc.
Harden King, B. Elaine New, John Rodriguez, and Lesley Mendelson, Tallahassee, for HRS in Nos. BO-231, BP-17, and BP-39.
Sandra P. Stockwell of Culpepper, Pelham, Turner & Mannheimer, P.A., Tallahassee, for HRS in No. BO-456.

ON MOTIONS FOR JUDICIAL NOTICE
PER CURIAM.
Gulf Coast Home Health Services, Inc., filed a petition in circuit court pursuant to section 120.69, Florida Statutes, to enforce agency action and a complaint for declaratory and injunctive relief. Gulf Coast has appealed the circuit court's dismissal of the petition and the complaint in case number BO-456. In case numbers BP-39, BP-17, and BO-231, Gulf Coast has appealed final agency orders that dismissed as untimely its petitions to intervene in the administrative proceedings that culminated in the granting of certificates of need (CON) to the respective private party appellees. These appeals all concern the activities of the Florida Department of Health and Rehabilitative Services (HRS) with regard to the granting of CON's to applicants to operate as home health care agencies.
Medical Personnel Pool, Inc. (MPP), one of the appellees in case number BO-456, moved this court to take judicial notice of its own file in case number BP-39. The stated purpose of this motion was to "provide further support for a critical determining factor in this case, that Gulf Coast ... had ample administrative remedies which, for whatever reason, they chose to ignore." Gulf Coast filed motions for judicial notice in the three administrative appeals. Appellant asked us to take notice of three documents appearing in the record in BO-456: a petition filed with the Division of Administrative Hearings to determine the invalidity of an unpromulgated rule and two internal agency memoranda. Movant argues that:
[t]he documents of which Gulf Coast asks this court to take judicial notice clarify the actions taken by HRS and the bases for those actions, and clarify the nature and inadequacy of the actions provided by HRS.... Considering these documents will clarify the issues in this proceeding by allowing the court to examine the documents underlying the allegations in Gulf Coast's petition.
Previously, by unpublished orders, we denied the motions of Gulf Coast and granted the motion of MPP. We now issue this opinion to offer our rationale for the disposition those motions.
This court most recently visited the question of judicial notice of its own files in Glendale Federal Savings and Loan Association v. State, Department of Insurance, 485 So.2d 1321 (Fla. 1st DCA 1986). At issue there was the correctness of a lower court's finding that a prior opinion of this court had upheld the constitutionality of a statute. The court took notice of the briefs in the earlier case to determine what issues had been raised and decided, although judicial notice was really unnecessary because the briefs had been made a part of the record in the subsequent litigation. See id. at 1323 n. 1. In Hillsborough County Board of County Commissioners v. Public Employees Relations Commission, 424 So.2d 132, 134 (Fla. 1st DCA 1982), we stated the general rule that "appellate courts may, when appropriate, take judicial notice of their own records", but we declined to take notice of the records of a sister district court. We also *417 find instructive the majority and concurring opinions in Lagarde v. Outdoor Resorts, Inc., 428 So.2d 669 (Fla. 2d DCA 1982), where the district court took judicial notice of its records in a prior appeal that demonstrated that the trial court had been correct in dismissing a complaint on grounds of res judicata.
The general rule that we deduce from these opinions, and the one which we have applied in disposing of the motions before us, is that it is altogether appropriate for the appellate court to take judicial notice of the existence of other cases, either pending or closed, which bear a relationship to the case at bar. That notice may include, at minimum, the identity of the parties and their counsel, the lower tribunal from which an appeal was taken and the provisions of the order on appeal, issues presented in the briefs, the status of a file within the court, and the dates of orders of the trial and appellate courts. To fail to do so would handicap the court with a tunnel vision that could lead to inconsistent results in some instances and would simply waste judicial resources in others. On the other hand, we find no persuasive support, either in the case law or in logic, for the type of judicial notice requested by Gulf Coast.[1] In fact, we find that a policy of granting the kind of relief sought by Gulf Coast would be unworkable, unfair, and fly in the face of well-established principles regarding appellate review. See Hillsborough County v. PERC, 424 So.2d at 134-35 (quoting Atlas Land Corp. v. Norman, 116 Fla. 800, 156 So. 885 (1934)). While we can envision an unusual circumstance, for example an allegation of fraud upon the court, where the court might find it necessary to make an exception to the rule announced here, the grounds stated by Gulf Coast are clearly not of such tenor. Accordingly, the motions of Gulf Coast Home Health Services, Inc. for judicial notice are denied and the motion of Medical Personnel Pool is granted.[2]
We publish this opinion to explain our earlier orders in these cases but we find that consolidation of these appeals is not appropriate due to the different records and the numerous parties. To avoid similar motions by the remaining parties, however, the court here announces that it will take judicial notice of each of the other related files in each case in accordance with this opinion and the cases will be considered together in reaching a disposition of the merits of the appeals.
BOOTH, C.J., and MILLS and THOMPSON, JJ., concur.
NOTES
[1] In reaching our conclusion we have not overlooked Foxworth v. Wainwright, 167 So.2d 868 (Fla. 1964), Irvin v. Chapman, 75 So.2d 591 (Fla. 1954), and Collingsworth v. Mayo, 37 So.2d 696 (Fla. 1948). In those cases, the Florida Supreme Court was considering collateral attacks on criminal convictions and looked to the records of the original trials to determine the validity of the attacks. The procedures employed there are obsolete in view of the modern rules of procedure, which require records to be returned to the trial court after final disposition of appeals and which also require that motions for post-conviction relief be filed in the lower tribunal.
[2] Although the motion of MPP requests "a review of the record in BP-39", we limit the extent of our judicial notice as explained in this opinion.