629 So.2d 1019 (1993)
N.E.P. INTERNATIONAL, INC., a Florida corporation, Appellant,
v.
Michael Falls, Appellee.
No. 92-3104.
District Court of Appeal of Florida, Fourth District.
December 29, 1993.
Donna E. Albert and Frank R. Gramling, Fertig & Gramling, and Stephen Blackburn, Fort Lauderdale, for appellant.
Thomas J. Tighe, Tucker & Tighe, Fort Lauderdale, for appellee.
HERSEY, Judge.
Pursuant to an acceleration clause in the lease, Michael Falls, appellee and successor in interest to the lessor, recovered a judgment against appellant tenant, N.E.P. International, Inc., after the tenant breached the lease. The appellee was awarded the full amount of rent, including charges and real estate taxes, for the unexpired term of the lease. After the breach, but before the expiration of the lease term, the premises were taken by eminent domain, which was a possibility always in the contemplation of the parties and one which was provided for in the lease.
Having given careful consideration to each argument advanced by appellant, we conclude that the trial court erred in only two respects. First, the trial court failed to reduce future damages for breach of the lease to present value. Rent, taxes and charges constituting damages for future injury must be reduced to present value because, as the third district pointed out in Vibrant Video, Inc. v. Dixie Pointe Assocs., 567 So.2d 1003, 1004 (Fla. 3d DCA 1990), "the only recoverable element of the plaintiff's (lessor's) claim to future monetary losses is their present value." This error requires reversal.
*1020 The final judgment was flawed in one other respect. When a judgment is recovered for future rent there must be a provision for an eventual accounting to credit the lessee with any rent received by the lessor from re-letting the property or with any overpayment of real estate taxes and other charges paid due to an overestimation of such taxes and charges. See, e.g., Beck v. Snow, 60 So.2d 624 (Fla. 1952); Quintero-Chadid Corp. v. Gersten, 582 So.2d 685 (Fla. 3d DCA 1991). This principle also applies to the payment of rent, taxes or other charges the lessor collected for any period following a taking of property by eminent domain. It is sufficient for the purposes of this rule simply to include a provision for an eventual accounting. It is not essential that the court retain jurisdiction since the lessee is entitled to bring an independent action for the accounting and recover appropriate credits once those ripen by the passage of time. On the other hand, where the lease has only a relatively short period to run, judicial economy may best be served by reserving jurisdiction to entertain a motion for appropriate credit upon application by the lessee.
In the present case the error is harmless. The twenty days from the entry of an order of taking has passed, thereby precipitating the right to credit. On remand the trial court can take this into account and fashion a remedy by recomputing damages as rent and charges due from the date of breach to the date of taking. Since those damages are now due, or past due, it will not be necessary to reduce them to present value. It will, however, be appropriate to award prejudgment interest from the date of the breach.
REVERSED AND REMANDED.
GUNTHER and WARNER, JJ., concur.