STEVENSON, Judge.
Petitioner, Michael Falls, seeks certiorari review of an order rendered by the Broward County Circuit Court in its appellate capacity. The circuit court affirmed a county court final judgment against Falls and in favor of *321 respondent, National Environmental Products, Ltd., Inc. (“NEP”) in an unlawful de-tainer action. We grant certiorari and quash the opinion and decision of the circuit court.
The record reflects that the parties to this litigation “have had their day in court” and more. See, e.g., N.E.P. Int’l, Inc. v. Falls, 629 So.2d 1019 (Fla. 4th DCA 1993); National Envtl. Prods., Ltd., Inc. v. N.E.P. Int’l, Inc., 647 So.2d 122 (Fla. 4th DCA 1994); N.E.P. Int’l, Inc. v. Falls, 659 So.2d 1099 (Fla. 4th DCA 1995). Nevertheless, despite the lengthy and complex procedural history involving these parties, the facts germane to this appeal may be briefly stated. Michael Falls purchased the property at issue in this lawsuit via a sheriffs sale. Subsequently, Falls filed an unlawful detainer action against NEP for its continued possession of the property after Falls had obtained the sheriffs deed. Apparently, NEP was a tenant in possession at the time of the sale. Although the judgment upon which the sheriffs sale was based had been reversed for a recalculation of damages, Falls’ deed was never rescinded, voided or cancelled by the circuit court. See N.E.P. Int’l, Inc. v. Falls, 629 So.2d at 1019. Because of the reversal of the underlying judgment, and citing no authority, the county court entered judgment for NEP and found that Falls was not the owner of the property when suit was filed and consequently, had no standing to bring the unlawful detainer suit. Falls appealed the county court’s order to the circuit court. The circuit court held that the county court judge “did not depart from the essential requirements of law,” and affirmed. Falls seeks certiorari review of the circuit court’s decision.
We grant certiorari and reverse. First, we find that the circuit court applied the wrong standard of review in this case. The circuit court incorrectly applied the cer-tiorari standard for review (departure from the essential requirements of law), in lieu of the appropriate appellate standard (the mere existence of prejudicial error). When the correct standard is applied, it is clear that the county court erred as a matter of law in entering final judgment in favor of NEP. Thus, in this petition for certiorari, we find that the circuit court departed from the essential requirements of law in upholding the county court’s ruling. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
The most fundamental reason that the county court erred in finding that Falls did not have standing to bring the unlawful detainer action rests in the doctrine of estop-pel by judgment. See Sun-Island Realty, Inc. v. F.D.I.C., 606 So.2d 437 (Fla. 4th DCA 1992), rev. denied, 620 So.2d 762 (Fla.1993). In the present case, in a related mortgage foreclosure action which was pending at the same time the county court entered its final judgment for the NEP, the issue of the validity of Falls’ deed had already been decided adversely to NEP. That litigation was subsequently affirmed on appeal. National Envtl. Prods., 647 So.2d at 122. Even though the causes of action in the foreclosure suit were different than those in the unlawful detainer suit, the issue of the validity of Falls’ deéd had been adjudicated in the foreclosure law suit. Both Falls and NEP were parties to that litigation and are governed by that determination. Sun-Island Realty.
NEP scoffs at Falls’ attempt to have the court below, as well as this court, look at the pleadings and briefs which were filed in the related proceedings to determine what issues were actually raised and litigated. However, it is fitting and proper that a court should take judicial notice of other actions filed which bear a relationship to the case at bar. See Gulf Coast Home Health Servs. of Florida, Inc. v. Department of HRS, 503 So.2d 415 (Fla. 1st DCA 1987). In fact, many times that is the only way that a court can determine whether to apply the doctrine of estoppel by judgment or “issue preclusion” in a given case.
Accordingly, we find that the circuit court’s affirmance of the county court’s final judgment departs from the essential requirements of law resulting in a miscarriage of justice. Haines City Community Dev. We quash the circuit court’s affirmance of the county court final judgment and remand for *322 further proceedings consistent with this opinion.
PARIENTE and SHAHOOD, JJ., concur.