PARIENTE, Judge.
We sua sponte consolidate these cases which all arise from an injunction issued by the trial court post-judgment. Because we find that the trial court was without jurisdiction to enter the temporary injunction, we reverse the order denying the motion to dismiss the injunction and the orders finding appellant both in civil contempt and indirect criminal contempt for violations of the temporary injunction.
This is just the latest in the continuing controversy between appellant and appellee which started when appellant Michael Falls (Falls) successfully sued his tenant, appellee N.E.P. International, Inc. (N.E.P. International) for breach of lease, obtaining a final judgment of $103,034.65.
N.E.P. International appealed the adverse final judgment, but failed to post a superse-deas bond or seek a stay. Accordingly, Falls proceeded to obtain satisfaction of his judgment by executing on property owned by N.E.P. International located in Sunrise, Florida (the Sunrise property).
In an attempt to prevent the execution by Falls, N.E.P. International’s sister company, National Environmental Products, Ltd. (NEP), claimed a superior mortgage on the Sunrise property and proceeded to foreclose on its mortgage. The mortgage was set *868 aside as a fraudulent transfer, which decision NEP appealed.[1] In the meantime, Falls filed an unlawful detainer complaint in county court against NEP, as tenant-in-possession of the Sunrise property.
In December 1993, this court entered its opinion in the breach-of-lease case, finding errors only in the calculation of certain elements of damages. See N.E.P. Int’l, Inc. v. Falls, 629 So.2d 1019 (Fla. 4th DCA 1993). The directions on remand were specific and limited to a recalculation of a portion of the damages.
N.E.P. International and NEP claimed that as a result of this court’s reversal of the final judgment, Falls’ deed to the Sunrise property was no longer valid. Based on this argument, they moved for relief in the breach-of-lease case, the mortgage foreclosure case and the unlawful detainer case. In the breach-of-lease ease, N.E.P. International moved for a new trial and moved to vacate the writ of execution and the sheriffs deed to the Sunrise property. The trial court denied this requested relief. Instead, the trial court granted Falls’ motion for a hearing to be held for the sole purpose of taking additional testimony to recompute damages.[2] N.E.P. International appealed this order and moved for a stay and a temporary injunction pending appeal. The trial court denied injunctive relief. The stay, which was contingent upon the posting of a $125,000 bond, was dissolved when the bond was hot posted.
In the unlawful detainer case filed in county court, NEP successfully made the same argument — that Falls lacked standing to proceed because he was not the owner of the property in light of the reversal of the main judgment.[3] When Falls attempted to assume possession of the Sunrise property, N.E.P. International again moved for temporary injunctive relief in the circuit court— this time based upon the county court’s dismissal of Falls’ unlawful detainer action. On August 3, 1994, the circuit court entered an order enjoining Falls from “entering, interfering with, occupying, transferring, disposing of, encumbering, leasing, hypothecating and pleading” the portion of his property occupied, utilized or leased by N.E.P. International. This injunction was conditioned upon the posting of a $5,000 bond.
The trial court then conducted a hearing on the recalculation of damages pursuant to this court’s mandate, and in June 1995 entered a corrected final judgment awarding Falls damages of $93,186.[4] It denied yet another motion filed by N.E.P. International to vacate the deed and writ of execution.
The trial court in this case lacked jurisdiction to issue a post-judgment injunction which arose as a result of the unlawful detainer action. Although N.E.P. International took the position that it was entitled to a new trial and to have the writ of execution vacated as a result of this court’s decision in N.E.P. Int’l, Inc. v. Falls, 629 So.2d at 1019, the trial court properly disagreed. The trial court correctly determined that its jurisdiction on remand from this court’s mandate was limited to a reeomputation of certain aspects of damages. The trial court also correctly determined that this court’s limited reversal to recompute damages did not invalidate the writ of execution or the sheriffs deed of sale obtained by Falls to the Sunrise property. As we explained in Falls v. National Environmental Products, 665 So.2d 320, 321 (Fla. 4th DCA 1995), Falls’ deed to *869 the Sunrise property was never rescinded, voided or cancelled by the circuit court. The decision in N.E.P. Int’l, Inc. v. Falls did not affect the validity of the deed to the Sunrise property. Id.
The trial court initially refused to grant injunctive relief. It had granted a stay pending N.E.P. International’s appeal of the order denying a new trial and denying its request to set aside the deed. The stay, however, was contingent upon the posting of a $125,000 bond. Only when the county court erroneously dismissed Falls’ unlawful detainer action, see id., did the trial court see fit to grant an injunction preventing Falls from using his lawfully-acquired property. The object of the injunction, as the emergency motion requesting relief plainly states, was not enforcement of the final judgment, but new and independent relief related to the unlawful detainer action. The trial court acted without subject matter jurisdiction in entering the injunction. See Town of Palm Beach v. State ex rel. Steinhardt, 321 So.2d 567 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 108 (Fla.1976). While the circuit court may have had subject matter jurisdiction to entertain an independent action for threatened injury to person and property, see Drake v. Henson, 448 So.2d 1205 (Fla. 3d DCA 1984), it did not have postjudgment jurisdiction to enforce the county court’s dismissal of the unlawful detainer action in the breach-of-lease action.
Because we find that there was no jurisdiction to issue the temporary injunction, we must reverse the contempt orders issued as a result of a violation of the injunction. See In re Elrod, 455 So.2d 1325 (Fla. 4th DCA 1984); cf. Health Clubs, Inc. v. State ex rel. Eagan, 377 So.2d 28 (Fla. 5th DCA 1979), dismissed sub nom. Cataldo v. Eagan, 383 So.2d 1191 (Fla.1980).
Accordingly, the orders under review are reversed.
REVERSED.
GUNTHER, C.J., and WARNER, J., concur.

. The trial court's order was affirmed without opinion on appeal. National Envtl. Prods., Ltd., Inc. v. N.E.P. Int'l, Inc., 647 So.2d 122 (Fla. 4th DCA 1994).

. This decision was appealed and resulted in a per curiam affirmance without opinion. N.E.P. Int'l, Inc. v. Falls, 659 So.2d 1099 (Fla. 4th DCA 1995). A similar motion filed in the mortgage foreclosure case was denied and that decision, consolidated with the underlying appeal, was also affirmed without opinion. See National Envtl. Prods., Ltd., Inc. v. N.E.P. Int’l, Inc., 647 So.2d 122 (Fla. 4th DCA 1994).

. This court found that the county court erred in finding that Falls did not have standing to bring the unlawful detainer action because that issue had already been decided adversely to NEP. Further, this court found that the circuit court, in affirming the dismissal by the county court, departed from the essential requirements of law resulting in a miscarriage of justice. Falls v. National Envtl. Prods., 665 So.2d 320 (Fla. 4th DCA 1995).

. This decision was recently affirmed without opinion. See N.E.P. Int'l, Inc. v. Falls,. No. 95-2396, 677 So.2d 850 (Fla. 4th DCA July 24, 1996).