POLSTON, J.,
concurring.
Because of the procedural posture of this case, I agree that we should not exercise our discretion to accept jurisdiction at this time.
In the decision below, the First District Court of Appeal certified the following question as one of great public importance:
WHETHER THE NO-AID PROVISION IN ARTICLE I, SECTION 3 OF THE FLORIDA CONSTITUTION PROHIBITS THE STATE FROM CONTRACTING FOR THE PROVISION OF NECESSARY SOCIAL SERVICES BY RELIGIOUS OR SECTARIAN ENTITIES?
Council for Secular Humanism, Inc. v. McNeil, — So.3d-,-, 35 Fla. L. Weekly D956, D958, 2010 WL 1658788 (Fla. 1st DCA April 27, 2010). The First District held that the no-aid clause of the Florida Constitution is not limited to the school context and, therefore, applies to the provision of social services. Id. Because the trial court had ruled otherwise when granting judgment on the pleadings against the Council for Secular Humanism on its claim that sections 944.473 and 944.4731, Florida Statutes (2007), violate article I, section 3, the First District remanded the case for further proceedings. Id.
The certified question is certainly one of great public importance that this Court should answer. But this Court will be better able to address this significant issue of law in context after the trial court has applied the no-aid clause to the particular social services at issue in this case. See Glendale Fed. Sav. & Loan Ass’n v. State, 485 So.2d 1321, 1325 (Fla. 1st DCA 1986) (“The wisdom of [allowing the plaintiff to adduce evidence] is particularly evident in this case where we have been asked to rule for the first time on constitutional questions of considerable magnitude, without the benefit of any record except the various complaints and motions directed to the complaints .... ”); see also Floridians Against Expanded Gambling v. Floridians for a Level Playing Field, 945 So.2d 553, 567 (Fla. 1st DCA 2006) (Padavano, J., concurring in part and dissenting in part) (concluding that certification of a question of great public importance was premature because reversing the summary judgment and remanding the case was “merely an intermediate step in the litigation” and did not “resolve the controversy”). Accordingly, I concur with the decision of this Court to decline jurisdiction at this time.