SHEPHERD, J.,
dissenting.
Although, if given the opportunity, I would reconsider having joined the majority in AC Holdings 2006 v. McCarty, 985 So.2d 1123 (Fla. 3d DCA 2008), wherein this Court relieved a defendant from the consequences of negligent counsel, which was not cured until a second motion for rehearing, I feel obligated by the doctrine of stare decisis to apply the reasoning of AC Holdings to relieve the defendants here of the consequence of similarly negligent counsel who sought to cure her error one motion for rehearing sooner. In each case, the error of counsel was basic and identical: the failure to submit sworn evidence in response to a plaintiffs motion for final summary judgment. See Fla. R. Civ. P. 1.510(c) (stating summary judgment evidence must be such “as would be admissible in evidence”).
The case before us arises out of the trial court’s denial of a timely filed motion for rehearing in a personal injury case, in which defense counsel sought leave to have considered a sworn copy of an expert medical report which had been timely filed, albeit unsworn, in response to the plaintiffs motion for summary judgment. It is not disputed that if the report had been sworn, summary judgment would have been precluded. Counsel’s reason for not supplying a sworn copy of the report in her response was her erroneous impression that because the report previously had been supplied to opposing counsel under Florida Rule of Civil Procedure 1.360(b)(1), a swearing of its contents was unnecessary for summary judgment purposes.
In AC Holdings, counsel for AC Holdings similarly erred, first by filing nothing in opposition to the motion for summary judgment, and then by filing an unsworn letter in conjunction with the first motion for rehearing. The trial court denied the motion for rehearing. Id. at 1125. Co-counsel then filed a notice of appearance, followed by a second motion for rehearing, and, for the first time, attached a sworn affidavit. Id. The trial court again denied the motion. This Court concluded the ruling constituted an abuse of discretion on the part of the trial court and reversed for further proceedings. Id. at 1126.
A careful comparison of the reasoning of AC Holdings with the case before us makes clear the cases are legally indistinguishable. Our reasons for reversal in AC Holdings were three-fold. First, we took notice of the fact that counsel for AC Holdings was a new law school graduate at the time the plaintiffs commenced the action. Id. at 1124. The same happens to be true in our case. Counsel for the Jubas was less than two years out of law school when the action was filed.[1] Second, our *215 AC Holdings opinion appears to suggest as a reason supporting reversal that AC Holdings’ second motion for rehearing was addressed to an interlocutory order, which was inherently modifiable at any time prior to entry of the Final Judgment. See AC Holdings, 985 So.2d at 1125. In our case, the motion for rehearing, the first and only one filed,' likewise was submitted before the Final Judgment was entered. The third reason given in AC Holdings for the conclusion the trial court abused its discretion in rejecting the affidavit in that case was that it “merely explicated the issues that previously had been raised.” Id. at 1126. That also is true in our case. The affidavit the trial court refused to consider below is merely a sworn copy of an unsworn medical report that previously had been proffered and argued at the hearing on the motion for summary judgment held below. Applying the reasoning of AC Holdings, I find the argument for reversal of the order granting summary judgment in this case no less “compelling or exigent” than that in AC Holdings. See id. at 1125.
On this basis, I would reverse the final summary judgment and remand this case for further proceedings.

. It also is noteworthy that AC Holdings did not, at the second motion for rehearing, argue inexperience of counsel as the reason its affidavit was not timely filed. In fact, the briefs on file in the Office of the Clerk of this Court, of which we are permitted to take judicial notice, see Gulf Coast Home Health Servs. of Fla. v. Dep't of Health & Rehabilitative Servs., *215 503 So.2d 415, 417 (Fla. 1st DCA 1987) (stating an appellate court can take judicial notice of its cases, including issues presented in briefs), reflect that an ineptness of counsel argument first appeared in AC Holdings' Reply/Cross-Answer Brief.